IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

                           Plaintiff,

         v.

MILWAUKEE JOURNAL SENTINEL,

                           Defendant.

OPINION and ORDER

21-cv-757-jdp

---

Robert Pierre Kidd, appearing pro se, is an inmate at Waupun Correctional Institution. Kidd alleges that the Milwaukee Journal Sentinel published false information about him during his criminal proceedings in 2001. He has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Kidd's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Kidd's complaint is flawed in numerous respects. His allegation that the Journal Sentinel defamed him by printing false information about him does not raise a claim under federal law. Defamation is a tort arising under state law. This court may hear state-law cases under its diversity jurisdiction, which requires (1) diversity of citizenship between plaintiff and defendants; and (2) an amount in controversy more than $75,000. But Kidd asserts that both

he and the Journal Sentinel are Wisconsin citizens, and he fails to provide an amount in controversy.

Even if Kidd had properly asserted diversity jurisdiction, I would dismiss the case because far too much time has passed since the alleged defamation. Kidd says that the Journal Sentinel defamed him in 2001. But at the time that the alleged defamatory statements were made, the applicable statute provided a two-year deadline to file a defamation claim. Wis. Stat. § 893.57 (2001–02); *see also Ladd v. Uecker*, 2010 WI App 28, ¶ 9, 323 Wis. 2d 798, 780 N.W.2d 216 (defamation claims covered by statute of limitations in § 893.57). A statute of limitations defense is an affirmative defense, but a district court may dismiss a complaint if a party pleads enough information to show that an affirmative defense is plainly available. *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir. 2002). Kidd alleges that the defamation occurred 20 years before he filed this lawsuit, which is enough for me to invoke the statute of limitations defense *sua sponte* and dismiss this case.

Because I am dismissing the complaint on the basis of Kidd's own allegations, this is a dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). Therefore, I must assess Kidd a strike under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff Robert Pierre Kidd's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to record a strike against plaintiff under 28 U.S.C. § 1915(g).

Entered January 10, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge