IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

                Plaintiff,

v.

MILWAUKEE JOURNAL SENTINEL,

                Defendant.

OPINION and ORDER

21-cv-757-jdp

---

ROBERT PIERRE KIDD,

                Plaintiff,

v.

WAUPUN CORRECTIONAL INST. EMPLOYEE ASSOCIATES,

                Defendants.

OPINION and ORDER

21-cv-759-jdp

---

Robert Pierre Kidd, appearing pro se, is an inmate at Waupun Correctional Institution. Kidd filed these two cases in November 2021. I dismissed case No. 21-cv-757-jdp for Kidd's failure to state a claim upon which relief could be granted. Dkt. 16.[1] I reviewed Kidd's complaint in case No. 21-cv-759-jdp and concluded that his allegations were too vague to state claims for relief and that it appeared that he was trying to bring at least two sets of claims that did not belong together in one lawsuit: one about prison officials' responses to his seizures and another about officials' deductions of funds from his prison trust fund account. Dkt. 17 in the '759 case. I directed Kidd to submit an amended complaint better explaining his claims. *Id.*

---

[1] Unless otherwise noted, all docket citations in this opinion are to case No. 21-cv-757-jdp.

Kidd has responded with a series of submissions focusing on prison officials' deduction of funds from his account to pay the filing fees in these cases. Dkts. 20–30. In particular, he wants the court to order staff to deduct his initial partial payment of the filing fees from his release account instead of his regular account, and he asks the court to order staff to stop deducting money altogether, at least for the '757 case because it is now closed. But with rare exceptions not applicable here, this court will not interfere with state officials' decisions about how to deduct partial payments of his filing fees as they are required to do under 28 U.S.C. § 1915(b). And the dismissal of the '757 case does not relieve Kidd of the burden of paying the filing fee for that lawsuit.

Kidd also argues that staff improperly deducted funds from his veteran's pension to pay the fee, but as I have explained to Kidd in previous cases, that isn't an issue that the court can address unless he files a lawsuit about it. It's possible that Kidd indeed means for the pension issue to be part of his '759 case, but he has not filed an amended complaint in that case as I previously directed him to do. I will give him a final chance to do so.

I will repeat the instructions I gave him in my previous order: Kidd should draft his amended complaint as if he were telling a story to people who know nothing about his situation. He should name all of the individuals he wishes to sue in the caption of the complaint, and then state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed those acts; and (4) what relief he wants the court to provide. If Kidd's amended allegations make clear that he brings claims for more than one set of incidents, he should file a separate amended complaint for each set of incidents he wishes to file a lawsuit about (keeping aware that he will owe a filing fee for each separate

lawsuit), and he should leave out any allegations or defendants that he does not wish to be the subject of a lawsuit.

If Kidd fails to submit an amended complaint, I will dismiss the '759 case for his failure to state a claim upon which relief can be granted and I will record a strike against him under § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Pierre Kidd's motions for court intervention in prison officials' deductions from his trust fund account to pay the filing fees in these cases, Dkts. 20–30 in case No. 21-cv-757-jdp, are DENIED.

2. Plaintiff may have until April 22, 2022, to submit an amended complaint in case No. 21-cv-759-jdp that complies with the Federal Rules of Civil Procedure.

Entered April 4, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge